IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL AXTMAN,

Plaintiff,

v.

KNOWLEDGE LEARNING CORPORATION., a Delaware company, and KC DISTANCE LEARNING, INC. a Delaware company, and KINDERCARE LEARNING CENTERS, INC. a Delaware company, and K12, INC. a Delaware company,

Defendants.

NO.

**COMPLAINT FOR BREACH OF CONTRACT AND WILLFUL WITHHOLDING OF WAGES**

COMES NOW Plaintiff Michael Axtman ("Plaintiff"), by and through his counsel of record, LASHER HOLZAPFEL SPERRY & EBBERSON, P.L.L.C., and asserts the following causes of action against the named Defendants:

## I. PRELIMINARY STATEMENT

1.1 This is an action under Washington's Minimum Wage Act, RCW 49.52 *et seq.*; and Washington common law for breach of contract, monetary damages, costs, and attorneys



LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

fees.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction over this case is properly with the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C.A. § 1332.

2.2 Jurisdiction and venue are properly with United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C.A. § 1391, the fact that Defendants submitted to the jurisdiction of the Courts of Washington. Defendants KCDL, KLC, KINDERCARE LEARNING CENTERS, INC., and K12, Inc. all transact business in Washington State.

## III. PARTIES

3.1 Plaintiff. Plaintiff Michael Axtman was employed by KC Distance Learning, Inc. (KCDL) and his employment was terminated by KLC and KC Distance Learning, Inc. (KCDL) on or about November 28, 2010. Plaintiff is a citizen of the United States and resides in King County, Washington.

3.2 KNOWLEDGE LEARNING CORPORATION. Defendant KNOWLEDGE LEARNING CORPORATION (hereinafter referred to as "KLC"), upon information and belief, is a Delaware corporation. At all times hereto, KLC was and is responsible for all acts committed by its agents, representatives, and employees.

3.3 KC DISTANCE LEARNING, INC. Defendant KC DISTANCE LEARNING, INC. (hereinafter referred to as "KCDL"), upon information and belief, is a Delaware corporation. At all times hereto, KCDL, was and is responsible for all acts committed by its agents, representatives, and employees. At the time of plaintiff's initial employment with KCDL, it was a wholly owned subsidiary of KLC.

3.4 KINDERCARE LEARNING CENTERS, INC. Defendant KINDERCARE LEARNING CENTERS, INC., upon information and belief, is a Delaware corporation. At all times hereto, KINDERCARE LEARNING CENTERS, INC., was and is responsible for all acts



LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

committed by its agents, representatives, and employees.

3.5 K12, Inc. Defendant K12, Inc. is upon information and belief, a Delaware corporation. At all times hereto, K12, Inc. was and is responsible for all acts committed by its agents, representatives, and employees.

## IV. FACTS

4.1 Plaintiff herein incorporates by reference the foregoing paragraphs of Plaintiff's Complaint as if set forth herein at length.

4.2 Michael Axtman entered into an Employment Agreement on January 11, 2007 with KCDL. Michael Axtman began working for KCDL and paychecks were issued to him from an affiliate business, KLC. Paragraph 6.2 of the Employment Agreement provides for application of Washington law.

4.3 As confirmed by the Employment Separation Agreement and Release of Claims effective November 28, 2009, his employment was terminated by KLC and KC Distance Learning, Inc. (KCDL). Both entities are listed as Michael Axtman's employer, which was consistent with his payroll checks from KLC. Paragraph 17 of the Employment Separation Agreement and Release of Claims provides for application of Washington law. The scope of the Employment Separation Agreement and Release of Claims specifically released "claims . . . related in any way to employment or future failure or refusal to employee Employee" but did not include any claims under the Nonqualified Deferred Compensation Plan. Paragraph 5 of the Employment Separation Agreement and Release of Claims states in relevant part, "This Agreement shall not affect any rights which Employee may have under any employee benefit plans or programs, including, without limitation, . . . Nonqualified Deferred Compensation Plan maintained by KCL." Further, paragraph 15 of the Employment Separation Agreement and Release of Claims provides that the Asset Purchase Agreement dated January 10, 2007 among KC Distance Learning, Inc., Plaintiff and certain other parties, also shall survive, shall not be



LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

affected by, and shall remain in full force and effect following the termination of Employee's employment.

4.4 Michael Axtman was entitled to deferred compensation under the KLC and KinderCare Learning Centers, Inc. Nonqualified Deferred Compensation Plan. He was provided with documents which purport to be the "Summary Description of Knowledge Learning Corporation Kindercare Learning Centers, Inc. Nonqualified Deferred Compensation Plan (hereinafter referred to as the "Plan.")

4.5 The Plan was a contract between KLC, KinderCare Learning Centers, Inc. and Michael Axtman.

4.6 KinderCare Learning Centers, Inc. is a wholly owned subsidiary of KLC.

4.7 Michael Axtman is owed his unpaid compensation due to him in the form of deferred compensation that was promised him in the Plan. All other employees of KCDL received lump sum deferred compensation payments when KCDL was sold in or around July of 2010.

4.8 K12, Inc. is a successor to KCDL's liabilities, including the deferred compensation liability of KLC. Upon information and belief, K12, Inc. acquired all stock in KCDL in or around July of 2010.

4.9 KCDL was sold to K12, Inc. in July of 2010. Upon information and belief, all KCDL employees were transferred to KCDL's books immediately prior to the sale, and they all received a lump sum payment for their deferred compensation due to the change of control language in the Plan.

4.10 The allegations in 4.9 above were confirmed in emails between Michael Axtman and Amanda Vincente in September of 2010.. Amanda Vincente also informed Michael Axtman that in fact, KCDL did not have any employees and that he was not an employee of KCDL. This seemed to be form without substance, given the fact that Michael Axtman had an Employment Agreement with KCDL and his Separation Agreement included both KCDL and KLC. Further,



LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

the Plan which provides for deferred compensation does not distinguish between current and former employees and should be equally applied.

4.11 Defendants have refused to compensate Plaintiff for his deferred compensation, to be paid in a lump sum. Instead, Defendants had been paying Plaintiff over time, rather than the immediate lump sum payments that were provided to all other KLC employees who were transferred to KCDL prior to the sale. In short, Defendants have willfully withheld and intentionally deprived Plaintiff of said wages.

4.12 The unlawful employment practices complained of in the above paragraphs were intentional and willful.

4.13 As a result of Defendants' breach of contract and failure to pay him the deferred compensation owed to him, Plaintiff has suffered and continues to suffered financial damages.

V. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

5.1 Plaintiff herein incorporates by reference the foregoing paragraphs of Plaintiff's Complaint as if set forth herein at length.

5.2 Defendants breached their contract with Plaintiff by failing to pay Plaintiff his deferred compensation owed under the Plan.

5.3 Michael Axtman was provided with rights under the KLC plan to deferred compensation. He was purportedly terminated by KLC and KCDL, as evidenced by the Employment Separation Agreement. All other KCDL employees were transferred into KCDL from KLC immediately prior to the sale. Given that his Separation Agreement states that he was employed by KLC and KCDL, he should have been considered a KCDL employee and afforded the same rights as the other employees. He could have either been transferred to KCDL, as all other KLC employees were transferred to KCDL, or the business could have followed the Employment Separation Agreement, which already named his employers as KLC and KCDL. The Separation Agreement specifically included both entities and required that he release legal claims against both entities. Paragraph 4 of the Separation Agreement specifically included both



LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

entities and required that he release such claims against both entities. The last page of Separation Agreement does not even name the entity or entities that are parties to the contract, and simply has a signature for Donna Lesch of Human Resources. Thus, the first paragraph of the Separation Agreement, which includes both entities as his employer must control.

5.4 The change in control language in the Plan does not distinguish between current and former employees. Section 16 of the Plan states:

> 16. Change in Control
>
> The Plan provides that in the event of a change in control, all unpaid deferred compensation . . . will be paid within 60 days after the change in control. Change of control generally means:
>
> . . .
>
> b) With respect to participants who are current or former employees of any affiliate of the Company to which (a) does not apply.

5.5 As a direct and proximate result of Defendants' breach of contract and breach of promises made in the Plan, Plaintiff has been harmed in an amount to be proven at trial.

## VI. SECOND CAUSE OF ACTION: FAILURE TO PAY WAGES

6.1 Plaintiff herein incorporates by reference the foregoing paragraphs of Plaintiff's complaint as if set forth herein at length.

6.2 Michael Axtman is owed deferred compensation, in the form of unpaid deferred salary and bonus. The amount in controversy exceeds the sum or value of $75,000.

6.3 The Plan specifically states that it allows for deferral of compensation. Paragraph 4 of the Plan speaks to deferral of a portion of salary and bonus. RCW 49.48.010 requires payment of all wages due upon termination. Further, RCW 49.52.050(2) requires payment of wages unlawfully withheld. While the compensation owed to Michael Axtman became due when the change in control took place and K12, Inc. purchased the assets of KCDL. All KCDL employees were transferred into KCDL for purposes of the change in control language. This



LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

triggered the obligation to pay Michael Axtman in full.

6.4 Defendants willfully and intentionally deprived Plaintiff of said wages.

6.5 As a direct and proximate result of Defendants' action, Plaintiff has sustained damages is an amount to be proven at trial.

## XIV. PRAYER FOR RELIEF

Wherefore, Plaintiff Michael Axtman respectfully requests that this Court:

(1) Award him damages for the breach of contract. The amount in controversy exceeds the sum or value of $75,000.

(3) Order Defendants to make Plaintiff whole by providing appropriate deferred compensation with prejudgment interest at 12% per annum pursuant to RCW 19.52.010, in amounts to be determined at trial;

(4) Order Defendants to pay wages owing including double damages, interest and attorneys fees pursuant to RCW 49.52.010 *et seq.* and RCW 49.48 .010 *et seq.*;

(5) Award Plaintiff all of the recoverable costs of this action, attorneys' fees and prejudgment interest; and

(6) Grant any additional or further relief as provided by law which this Court finds appropriate, equitable, or just.

DATED this 13 day of January, 2011.

LASHER HOLZAPFEL
SPERRY & EBBERSON, P.L.L.C.

By ______________________________
Lisa Ann Sharpe, WSBA #21047
Attorneys for Plaintiff Michael Axtman



LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563