THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL AXTMAN,<br><br>        Plaintiff,<br><br>v.<br><br>KNOWLEDGE LEARNING CORPORATION, a Delaware company, and KC DISTANCE LEARNING, INC., a Delaware company, and KINDERCARE LEARNING CENTERS, INC., a Delaware company, and K12, INC, a Delaware company,<br><br>        Defendants. | No. 2:11-cv-00106-RSL<br><br>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS K12, INC. AND KC DISTANCE LEARNING, INC. |

COME NOW defendants K12, Inc. and KC Distance Learning, Inc. ("KCDL") (collectively hereinafter, "Defendants"), by and through their undersigned counsel, and answer plaintiff Michael Axtman's Complaint as follows. Note that due to mergers in July 2010, KCDL no longer exists.

**I.**

1.1     Paragraph 1.1 of the Complaint is a description of plaintiff's purported claims, which does not require an answer. To the extent that Paragraph 1.1 contains any factual allegations, they are denied.
ANSWER & AFFIRMATIVE DEFENSES OF DFTS.
K12 AND KCDL (No. 2:11-cv-00106-RSL) – 1

33643-0027/LEGAL20230429.1
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## II.

2.1     Paragraph 2.1 of the Complaint asserts legal conclusions that do not require an answer. To the extent that Paragraph 2.1 contains any factual allegations, they are denied. Defendants do not, however, contest jurisdiction in this Court (noting, however, that KCDL no longer exists and that in the KCDL merger K12 and its subsidiaries, including the entity that survived the KCDL merger, expressly did not assume any liabilities with respect to plaintiff's deferred compensation).

2.2     Answering Paragraph 2.2 of the Complaint, defendants admit that K12 transacts business in Washington State and, on information and belief, so do defendants Knowledge Learning Corporation ("KLC") and KinderCare Learning Centers, Inc. ("KinderCare"). The balance of the paragraph asserts legal conclusions that do not require an answer. To the extent that Paragraph 2.2 contains any factual allegations not expressly admitted, they are denied. Defendants do not, however, contest jurisdiction or venue (noting, however, that KCDL no longer exists and that in the KCDL merger K12 and its subsidiaries, including the entity that survived the KCDL merger, expressly did not assume any liabilities with respect to plaintiff's deferred compensation).

## III.

3.1     Answering Paragraph 3.1 of the Complaint, defendants admit that plaintiff's employment was terminated by KLC. Defendants lack information sufficient to answer regarding plaintiff's citizenship and residence. Except as expressly admitted, defendants deny each and every allegation in the paragraph.

3.2     Answering Paragraph 3.2 of the Complaint, defendants admit, on information and belief, that KLC is a Delaware corporation. The balance of the paragraph asserts legal conclusions that do not require an answer. To the extent that Paragraph 3.2 contains any factual allegations not expressly admitted, they are denied.

ANSWER & AFFIRMATIVE DEFENSES OF DFTS.
K12 AND KCDL (No. 2:11-cv-00106-RSL) – 2

33643-0027/LEGAL20230429.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

3.3     Answering Paragraph 3.3 of the Complaint, the second sentence of the paragraph asserts legal conclusions that do not require an answer. Each and every allegation in Paragraph 3.3 is denied.

3.4     Answering Paragraph 3.4 of the Complaint, defendants admit, on information and belief, that KinderCare Learning Centers, Inc. ("KinderCare") is a Delaware corporation. The balance of the paragraph asserts legal conclusions that do not require an answer. To the extent that Paragraph 3.4 contains any factual allegations not expressly admitted, they are denied.

3.5     Answering Paragraph 3.5 of the Complaint, defendants admit that K12 is a Delaware corporation. The balance of the paragraph asserts legal conclusions that do not require an answer. To the extent that Paragraph 3.5 contains any factual allegations not addressed above, they are denied.

## IV.

4.1     Answering Paragraph 4.1 of the Complaint, defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth herein at length.

4.2     Answering Paragraph 4.2 of the Complaint, defendants admit that plaintiff entered into an employment agreement that states that it is between plaintiff and KCDL and that it is effective January 12, 2007. Defendants admit that KLC issued paychecks to plaintiff. Paragraph 6.2 of the employment agreement speaks for itself but, in general terms, purports to provide for the application of Washington law. Except as expressly admitted, each and every allegation in Paragraph 4.2 is denied.

4.3     Answering Paragraph 4.3 of the Complaint, defendants admit that plaintiff's employment was terminated by KLC effective November 28, 2009. The separation agreement speaks for itself but, to quote a portion of it, states that it is made and entered into "by and between [KLC] and [KCDL] (collectively, 'Employer') and Michael J. Axtman ('Employee')." Defendants admit that KLC issued payroll checks to plaintiff. Paragraph 17 of the separation agreement speaks for itself but, in general terms, purports to provide for the application of

ANSWER & AFFIRMATIVE DEFENSES OF DFTS.
K12 AND KCDL (No. 2:11-cv-00106-RSL) – 3

33643-0027/LEGAL20230429.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Washington law. Defendants deny that that the quoted portion of the fourth sentence of Paragraph 4.3 is a verbatim quotation from the separation agreement. Defendants deny that that the quoted portion of the fifth sentence of Paragraph 4.3 is a verbatim quotation from the separation agreement. Defendants admit, however, that the separation agreement does not purport to waive or release any rights or claims that plaintiff may have under the Nonqualified Deferred Compensation Plan maintained by KLC. Defendants deny the allegations in Paragraph 4.3 regarding paragraph 15 of the separation agreement. Except as expressly admitted, each and every allegation in Paragraph 4.3 is denied.

4.4 Answering Paragraph 4.4 of the Complaint, defendants admit that plaintiff is entitled to deferred compensation under the KLC/KinderCare Nonqualified Deferred Compensation Plan (hereinafter, the "KLC Plan") —albeit not in a lump sum, but rather according to the timing rules set forth in the KLC Plan and plaintiff's election pertaining thereto. Except as expressly admitted, each and every allegation in Paragraph 4.4 is denied.

4.5 Paragraph 4.5 of the Complaint asserts a legal conclusion, which does not require an answer. To the extent that Paragraph 4.5 contains any factual allegations, they are denied.

4.6 Answering Paragraph 4.6 of the Complaint, defendants lack sufficient information to answer as to KinderCare's relationship to KLC.

4.7 Answering Paragraph 4.7 of the Complaint, defendants admit that plaintiff is entitled to deferred compensation under the KLC Plan, albeit not in a lump sum, but rather according to the timing rules set forth in the KLC Plan and plaintiff's election pertaining thereto. Defendants admit that certain then-current KCDL employees received lump-sum deferred compensation payments when KCDL merged in July 2010, but deny that plaintiff was an employee of KCDL at the time (or ever). Except as expressly admitted, each and every allegation in Paragraph 4.7 is denied.

4.8 Answering Paragraph 4.8 of the Complaint, the first sentence of the paragraph states legal conclusions to which answer is not required, but defendants state that K12 is not a

ANSWER & AFFIRMATIVE DEFENSES OF DFTS.
K12 AND KCDL (No. 2:11-cv-00106-RSL) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

33643-0027/LEGAL20230429.1

successor to the deferred compensation liability of KLC with respect to plaintiff. Each and every allegation in the paragraph is denied.

4.9     Answering Paragraph 4.9 of the Complaint, defendants admit that KCDL merged with a subsidiary of K12 in July 2010. Defendants admit that certain of KLC's then-current employees were transferred to KCDL prior to the merger and received lump-sum payments of their deferred compensation pursuant to the KLC Plan. Except as expressly admitted, each and every allegation in Paragraph 4.9 is denied.

4.10    Answering Paragraph 4.10 of the Complaint, with respect to the second sentence of the paragraph, defendants lack sufficient information to answer. To the extent that the paragraph contains other factual allegations, they are admitted or denied as set forth in this Answer, and defendants incorporate those admissions and denials by reference herein. The balance of the paragraph contains conclusions and argument and assertions too vague to answer, to which answer is not required. To the extent that the paragraph contains any factual allegations not addressed above or elsewhere in this Answer, they are denied.

4.11    Answering Paragraph 4.11 of the Complaint, defendants deny that they have refused to provide plaintiff with any deferred compensation to which he is entitled. Defendants lack information sufficient to answer as to allegations regarding payments already made, but admit on information and belief that KLC has been paying the deferred compensation over time, albeit not in a lump sum, but rather according to the timing rules set forth in the KLC Plan and plaintiff's election pertaining thereto. Except as expressly admitted, each and every allegation in Paragraph 4.11 is denied.

4.12    Answering Paragraph 4.12 of the Complaint, each and every allegation in the paragraph is denied.

4.13    Answering Paragraph 4.13 of the Complaint, each and every allegation in the paragraph is denied.

ANSWER & AFFIRMATIVE DEFENSES OF DFTS.
K12 AND KCDL (No. 2:11-cv-00106-RSL) – 5

33643-0027/LEGAL20230429.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## V.

5.1     Answering Paragraph 5.1 of the Complaint, defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth herein at length.

5.2     Answering Paragraph 5.2 of the Complaint, each and every allegation in the paragraph is denied.

5.3     Answering Paragraph 5.3 of the Complaint, defendants admit that plaintiff has rights under the KLC Plan to deferred compensation, albeit not in a lump sum, but rather according to the timing rules set forth in the KLC Plan and plaintiff's election pertaining thereto. Defendants admit that certain of KLC's then-current employees were transferred to KCDL prior to the merger of KCDL. The balance of Paragraph 5.3 contains conclusions and argument to which answer is not required. To the extent that the paragraph contains factual allegations other than those addressed in this Paragraph 5.3, they are admitted or denied as set forth in this Answer, and defendants incorporate those admissions and denials by reference herein. To the extent that the paragraph contains any factual allegations not addressed elsewhere in this Answer, they are denied.

5.4     Answering Paragraph 5.4 of the Complaint, defendants state that the KLC Plan speaks for itself regarding the consequences of a change in control, and defendants deny that the quoted language in Paragraph 5.4 is quoted from the KLC Plan. To the extent that the paragraph contains any additional allegations, they are denied.

5.5     Answering Paragraph 5.5 of the Complaint, each and every allegation in the paragraph is denied.

## VI.

6.1     Answering Paragraph 6.1 of the Complaint, defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth herein at length.

6.2     Answering Paragraph 6.2 of the Complaint, defendants admit that, based solely on the face of plaintiffs' Complaint and ignoring any affirmative defenses, the amount in

ANSWER & AFFIRMATIVE DEFENSES OF DFTS.
K12 AND KCDL (No. 2:11-cv-00106-RSL) – 6

33643-0027/LEGAL20230429.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

controversy exceeds the sum or value of $75,000. Except as expressly admitted, each and every allegation in Paragraph 6.2 is denied.

6.3 Paragraph 6.3 of the Complaint contains conclusions, legal conclusions and argument to which answer is not required. To the extent that the paragraph contains factual allegations, they are admitted or denied as set forth in this Answer, and defendants incorporate those admissions and denials by reference herein. To the extent that the paragraph contains any factual allegations not addressed elsewhere in this Answer, they are denied.

6.4 Answering Paragraph 6.4 of the Complaint, each and every allegation in the paragraph is denied.

6.5 Answering Paragraph 6.5 of the Complaint, each and every allegation in the paragraph is denied.

## XIV.

Responding to plaintiff's prayer for relief, including all numbered paragraphs thereto, defendants deny that plaintiff is entitled to any judgment in his favor and deny that plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Having answered plaintiff's Complaint, defendants assert the following affirmative defenses:

A. Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*.

B. Plaintiff's Complaint fails to state a claim on which relief can be granted.

C. Plaintiff has failed to exhaust his administrative remedies under the KLC Plan.

D. Plaintiff's claims are or may be barred by the doctrines of waiver and/or estoppel.

E. On information and belief, KLC has paid part of plaintiff's deferred compensation as provided in the terms of the KLC Plan, and any award of damages must reflect a setoff of such payments.

ANSWER & AFFIRMATIVE DEFENSES OF DFTS. K12 AND KCDL (No. 2:11-cv-00106-RSL) – 7

33643-0027/LEGAL20230429.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

F. Plaintiff's claims under RCW 49.52.050 and .070 are barred because a bona fide dispute exists regarding the obligation to pay the deferred compensation at issue in this lawsuit.

G. Defendants designate all denials herein as defenses to the extent necessary to provide it with a complete defense.

H. Defendants reserve the right to amend this Answer or add other affirmative defenses as necessary as the case progresses.

WHEREFORE, defendants request that the Court dismiss plaintiff's Complaint in its entirety, award defendants' costs and disbursements herein, and award such further relief as the Court may deem appropriate in the circumstances.

DATED: February 18, 2011

s/ Andrew Moriarty, WSBA No. 28651
AMoriarty@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendants
K12, Inc. and KC Distance Learning, Inc.

ANSWER & AFFIRMATIVE DEFENSES OF DFTS.
K12 AND KCDL (No. 2:11-cv-00106-RSL) – 8

33643-0027/LEGAL20230429.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Lisa Ann Sharpe
Lasher Holzapfel Sperry & Ebberson PLLC
601 Union Street, Suite 2600
Seattle, WA 98101-4000

s/ Andrew Moriarty

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000